This case does not justify our overruling Powell v. BlueCross Blue Shield of Alabama, 581 So.2d 772 (Ala. 1990), and its progeny. All the case before us requires is that we recognize an obvious exception to, or limitation on, the "made-whole" rule. The exception or limitation is that, while an insurer could not enforce a contract or policy provision made before a loss requiring its insured to waive the "made-whole" rule and could not exact such a waiver after a loss as a condition to payment, theinsured may, after a loss, effectively waive the "made-whole" rule, and, if the insured does, then no other party can invoke the "made-whole" rule. Such a limitation on, or exception to, the general "made-whole" rule would foreclose the misuse of the rule by the alleged tort-feasors before us and by others similarly situated and yet would preserve the obvious equities the rule secures to insureds according to the rationale of Powell, supra.
COOK and ENGLAND, JJ., concur.